**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CR-13-00714-001-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Jose Carlos Durazo, | |
| Defendant. | |

Pending before the Court is the Government's motion in limine (Doc. 82) seeking to introduce three exhibits (Exhibits 40, 41, and 43). Defendant filed an opposition (Doc. 85) arguing that any relevance of the exhibits is outweighed by prejudice considerations; the Government filed a reply arguing that the relevance of the exhibits outweighs any limited prejudice. For the reasons stated below, Exhibits 40 and 41 will be admitted at trial, but Exhibit 43 will not be admitted.

Exhibits 40 and 41 show a court document that was found in Defendant's residence. Specifically, the exhibits show a voluntary dismissal document pertaining to Defendant's brother-in-law (who is the illegal alien Defendant was allegedly harboring) arising out of an unrelated matter in New Mexico. The dismissal document gives no details of any crime, and simply states that it is not in the best interests of justice to proceed with prosecution of the matter. This document was found in the bedroom of Defendant's two-year-old son.

Exhibit 43 is a picture of a jewelry cabinet where the brother-in-law's Mexican birth certificate was stored in Defendant's residence. Defendant's handgun was stored in

1     the same jewelry cabinet.  Exhibit 43 shows a picture of the jewelry cabinet, and the

2     handgun is prominently displayed in the picture.

3         As pertinent to this dispute, Fed. R. Evid. 402 provides: "Relevant evidence is

4     admissible unless any of the following provides otherwise: • the United States

5     Constitution; • a federal statute; • these rules; or • other rules prescribed by the Supreme

6     Court. Irrelevant evidence is not admissible."  Fed. R. Evid. 401 defines relevant

7     evidence as follows: "Evidence is relevant if:  (a) it has any tendency to make a fact more

8     or less probable than it would be without the evidence; and (b) the fact is of consequence

9     in determining the action."  Fed. R. Evid. 403 provides that: "The court may exclude

10    relevant evidence if its probative value is substantially outweighed by a danger of one or

11    more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

12    delay, wasting time, or needlessly presenting cumulative evidence."

13        As to Exhibits 40 and 41, the Court finds that these documents are relevant to

14    proving necessary elements of the crime (i.e., that Defendant knew or acted with reckless

15    disregard of the fact that his brother-in-law was an illegal alien and that he was harboring

16    an illegal alien).  The fact that important legal documents were stored in Defendant's

17    home tend to show that Defendant's brother-in-law was staying with Defendant on a

18    more permanent basis, had more sustained contact with Defendant, and it would be more

19    likely that Defendant would be aware of his brother-in-law's immigration status while he

20    was staying with him.  The relevance of these exhibits outweighs any minimal prejudice;

21    while the court document does reference a prosecution, it gives no details whatsoever as

22    to any underlying crime, and explicitly states that it is in the best interest of justice not to

23    proceed with any prosecution.

24        In contrast to Exhibit 40 and 42, the Court finds that the relevance of Exhibit 43 is

25    outweighed by undue prejudice.  While the storage of Defendant's Mexican birth

26    certificate in the same jewelry cabinet as Defendant's handgun tends to show that

27    Defendant knew or acted with reckless disregard of the fact that his brother-in-law was an

28    illegal alien and that he was harboring an illegal alien, the prominence of the handgun in

the picture is unduly prejudicial in this particular case which simply involves harboring an illegal alien which has nothing to do with guns, gun violence, or any form of violence. Exhibit 43 will not be admitted at trial.

Accordingly, IT IS ORDERED as follows:

(1) The Government's motion in limine (Doc. 82) is granted as to Exhibits 40 and 41, but is denied as to Exhibit 43.

Dated this 19th day of September, 2014.

Honorable James A. Soto
United States District Judge