1

2 IN THE UNITED STATES DISTRICT COURT

3 FOR THE DISTRICT OF ARIZONA

4

United States of America,                    )    No. CR 13-714-TUC-JAS
5                                             )
            Plaintiff,                        )    **ORDER**
6                                             )
vs.                                           )
7                                             )
                                              )
8 Jose Carlos Durazo,                         )
                                              )
9           Defendant.                        )
                                              )
10                                            )
   _____        )
11                                            )

12      On 8/26/14, the Court issued an Order (Doc. 79) that stated in part:

13 IT IS HEREBY ORDERED as follows:

14 (1)  By no later than **9/19/14** the parties shall file: **(a)** One joint set of stipulated preliminary
   jury instructions that both parties agree are appropriate for trial.  These jury instructions will
15 be read at the beginning of the case.  The parties shall submit the stipulated preliminary jury
   instructions in the exact order they want them read to the jury.  A citation to the model jury
16 instruction number or other authority is all that is required in relation to stipulated
   preliminary jury instructions. **(b)** One joint set of stipulated final jury instructions that both
17 parties agree are appropriate for trial.  These jury instructions will be read at the end of the
   case.  The parties shall submit the stipulated final jury instructions in the exact order they
18 want them read to the jury.  A citation to the model jury instruction number or other authority
   is all that is required in relation to stipulated final jury instructions.[1] (c) One joint set of jury
19 instructions that the parties can not agree on.  The party advancing a disputed jury instruction
   shall briefly explain why that instruction is appropriate and cite authority to support the
20 proposed jury instruction.  Immediately after the explanation supporting the disputed jury
   instruction, the opposing party shall briefly explain why that instruction is inappropriate and
21 cite authority to support the opposition.  Where applicable, the objecting party shall submit
   an alternative proposed instruction covering the subject or issue of law. (d) Proposed voir

22

23 _____

24      [1]The Court notes that it likely will not read any additional instructions other than those
   specifically submitted by the parties pursuant to the deadline in this Order; as such, the parties
25 should submit all jury instructions they feel are necessary for the jury in this case.  After the Court
   receives the jury instructions from the parties, the Court will either discuss the instructions at the
26 final pretrial conference, or issue an Order informing the parties what instructions were accepted and
   rejected prior to trial such that they will know the substance of all the preliminary and final jury
27 instructions prior to trial.  Likewise, prior to trial, the Court will either discuss verdict forms at the
   final pretrial conference, or issue an Order informing the parties what verdict forms will be used at
28 trial.

dire. **(e)** Proposed jury verdict forms (the parties shall indicate if the verdict forms are stipulated forms).  In addition, on the same day that these documents are filed, paper copies of all of these documents shall be provided to chambers (to the extent there are any exhibits, a table of contents and tabs must be included), **and Word Perfect or Word versions of all of these documents shall be emailed to chambers (soto_chambers@azd.uscourts.gov)**. As model instructions are constantly updated, the parties shall refer to the Ninth Circuit website for the most recent version of the Ninth Circuit Criminal Model Jury Instructions. Model instructions from this website are searchable and jury instructions can be cut and pasted from this website into Word Perfect or Word documents.  Ninth Circuit Criminal Model Jury Instructions are likely to be adopted by the Court assuming such instructions are applicable under the circumstances whereas non-Ninth Circuit Criminal Model Jury Instructions (unless stipulated) are less likely to be adopted unless a specific explanation and citation of authority supports the proposed instruction.

A review of the record shows that the parties only timely complied with section "(c)" of the Court's Order as to disputed jury instructions.  As to section "(d)" the Court suspects that the parties do not have any additional voir dire outside of the typical voir dire conducted by the Court, and therefore that issue is moot.  However, the parties shall comply with sections "(a), (b), and (e)" by no later than 9/23/14.  The parties only need to file the documents into CM/ECF and email Word copies of these documents to chambers; the parties do not need to send paper copies to chambers.  In addition, by 9/23/14, the parties shall also submit any mid-trial jury instructions (stipulated or disputed) in the same manner as discussed pertaining to preliminary and final jury instructions.  **The Court has attached examples for the parties in this case where parties in other cases fully complied with the Order in question as contemplated by the Court.  The parties in this case shall proceed in the same manner; the parties shall provide the full text of the jury instructions.**

DATED this 22nd day of September, 2014.


_____
James A. Soto
United States District Judge

1  Donald Peder Johnsen (011545)
2  dpj@gknet.com
   Laura E. Antonuccio (027329)
3  laura.antonuccio@gknet.com
   GALLAGHER & KENNEDY, P.A.
4  2575 East Camelback Road
   Phoenix, Arizona 85016-9225
5  (602) 530-8000
6  Attorneys for defendant
7
8              IN THE UNITED STATES DISTRICT COURT
9              FOR THE DISTRICT OF ARIZONA
10  Gary S. Duarte,                    )  No. 4:12-cv-00844-JAS
11                                     )
                   Plaintiff,          )  **JOINT PROPOSED VERDICT FORM**
12                                     )
13  v.                                 )
                                       )
14  Catalina Foothills School District, )
15                                     )
                   Defendant.          )
16  _____)
17
18         The parties herein, by and through their respective undersigned counsel,
19  submit the joint proposed special verdict form attached hereto.
20              DATED this 2d day of September, 2014.
21                        WATERFALL, ECONOMIDIS, CALDWELL,
                          HANSHAW & VILLAMANA, P.C.
22
23                        By:/s/ Jenne S. Forbes (by permission)
24                             Attorneys for plaintiff
25              DATED this 2d day of September, 2014.
26                        GALLAGHER & KENNEDY, P.A.
27                        By:/s/ Donald Peder Johnsen
28                             Attorneys for defendant


                              -1-

1    I certify that on this 2d day of September, 2014, I electronically transmitted a PDF
2    version of this document to the Clerk of Court, using the CM/ECF System, for filing and
     for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

3    Jenne S. Forbes (010616)
     Attorney for plaintiff
4
     /s/ Donald Peder Johnsen
5    4136009.2

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED SPECIAL VERDICT FORM**

Do you, the jury, find the following by a preponderance of the evidence:

1.  Did Mr. Duarte prove that the District did not renew his contract because of his age?

Answer (yes or no): _____

NOTE:  If you answered "yes" to Question No. 1, then go on to Question No. 2.  If you answered "no" to Question No. 1, then go directly to the signature section at the end of this form, and do not answer any more questions on this form.

2.  If you answered "yes" to Question No. 1, what is the reasonable value of the wages and benefits that Mr. Duarte would have received from the District if his employment with the District had not terminated, reduced by the wages and benefits that he has earned since the termination of his employment with the District (except wages from outside employment he had while he was working for the District)?

Answer:        _____

3.  If you answered "yes" to Question No. 1, did the District know or show reckless disregard for whether its conduct was prohibited by law?

Answer (yes or no): _____

We, the Jury, duly empanelled and sworn in the above-entitled action, upon our oaths, do find as set forth above.

(1)  _____          _____

       Printed Name                                Signature

(2)  _____          _____

       Printed Name                                Signature

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(3) _____        _____
    Printed Name                    Signature

(4) _____        _____
    Printed Name                    Signature

(5) _____        _____
    Printed Name                    Signature

(6) _____        _____
    Printed Name                    Signature

(7) _____        _____
    Printed Name                    Signature

(8) _____        _____
    Printed Name (FOREPERSON)       Signature

Donald Peder Johnsen (011545)
dpj@gknet.com
Laura E. Antonuccio (027329)
laura.antonuccio@gknet.com
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000
Attorneys for defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary S. Duarte, | )  No. 4:12-cv-00844-JAS |
| Plaintiff, | )  **STIPULATED PRELIMINARY JURY** |
| | )  **INSTRUCTIONS** |
| v. | ) |
| Catalina Foothills School District, | ) |
| Defendant. | ) |

The parties herein, by and through their respective undersigned counsel, and in accord with the Court's order (Doc. 43), submit the attached stipulated preliminary jury instructions.

The parties reserve any right to modify this request or submit additional proposed jury instructions before this matter is submitted to the jury.

DATED this 29th day of August, 2014.

WATERFALL, ECONOMIDIS, CALDWELL,
HANSHAW & VILLAMANA, P.C.

By:/s/ Jenne S. Forbes (by permission)

Attorneys for plaintiff

-1-

1

DATED this 29th day of August, 2014.

2

GALLAGHER & KENNEDY, P.A.

3

By: /s/ Donald Peder Johnsen

Attorneys for defendant

4

5

6

I certify that on this 29th day of August, 2014, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

7

Jenne S. Forbes (010616)
Attorney for plaintiff

8

/s/ Donald Peder Johnsen

9

4135742.3

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**No. 1:  Duty of Jury**

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

<u>Source:</u>        Ninth Circuit Model Instruction No. 1.1A.

-1-

## No. 2:  Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Mr. Duarte, was employed by the defendant, Catalina Foothills Unified School District No. 16.  The District informed Mr. Duarte in early 2011 that his employment contract would not be renewed for the 2011-12 school year.  His employment with the District ended when his contract expired in June 2011.

Mr. Duarte claims that the District unlawfully discriminated against him on the basis of age, in violation of the federal Age Discrimination in Employment Act. Mr. Duarte has the burden of proving that claim.

The District denies the claim.  The District denies that it discriminated against Mr. Duarte on any unlawful basis, and states that it decided not to renew his contract on the basis of legitimate nondiscriminatory reasons.

<u>Source:</u>      Ninth Circuit Model Instruction No. 1.2

-2-

1

### No. 3:  Burden of Proof

2

3            When a party has the burden of proof on any claim or affirmative defense
by a preponderance of the evidence, it means you must be persuaded by the evidence that
the claim or affirmative defense is more probably true than not true.

4

5            You should base your decision on all of the evidence, regardless of which
party presented it.

6

7

8    <u>Source:</u>        Ninth Circuit Model Instruction No. 1.3.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**No. 4:  What Is Evidence.**

2

The evidence you are to consider in deciding what the facts are consists of:

3

1.    the sworn testimony of any witness;

4

2.    the exhibits which are received into evidence; and

5

3.    any facts to which the lawyers have agreed.

6

7

8

<u>Source:</u>        Ninth Circuit Model Instruction No. 1.6.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### No. 5:  What Is Not Evidence.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Source:     Ninth Circuit Model Instruction No. 1.7.

1

**No. 6:  Direct and Circumstantial Evidence.**

2

3

4

5

6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

7

8

<u>Source:</u>        Ninth Circuit Model Instruction No. 1.9.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**No. 7:  Ruling on Objections.**

2

3

4

5

6

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

7

8

9

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

10

11

Source:        Ninth Circuit Model Instruction No. 1.10.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

1

**No. 8:  Credibility of Witnesses.**

2

      In deciding the facts in this case, you may have to decide which testimony

3

to believe and which testimony not to believe.  You may believe everything a witness

says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the

4

number of witnesses who testify about it.

5

      In considering the testimony of any witness, you may take into account:

6

      (1)     the opportunity and ability of the witness to see or hear or know the

7

things testified to;

8

      (2)     the witness's memory;

9

      (3)     the witness's manner while testifying;

10

11

      (4)     the witness's interest in the outcome of the case and any bias or

prejudice;

12

      (5)     whether other evidence contradicted the witness's testimony;

13

14

      (6)     the reasonableness of the witness's testimony in light of all the

evidence; and

15

      (7)     any other factors that bear on believability.

16

17

      The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify about it.

18

19

20

<u>Source</u>:     Ninth Circuit Model Instruction No. 1.11.

21

22

23

24

25

26

27

28

-8-

## No. 9:  Conduct of the Jury.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

<u>Source:</u>        Ninth Circuit Model Instruction No. 1.12.

-9-

1

**No. 10:  No Transcript Available to Jury.**

2

During deliberations, you will have to make your decision based on what
you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay
close attention to the testimony as it is given.

3

4

If at any time you cannot hear or see the testimony, evidence, questions or
arguments, let me know so that I can correct the problem.

5

6

7

8

<u>Source:</u>        Ninth Circuit Model Instruction No. 1.13.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**No. 11:  Taking Notes.**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Source:        Ninth Circuit Model Instruction No. 1.14.

**No. 12:  Questions to Witnesses by Jurors.**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Source:         Ninth Circuit Model Instruction No. 1.15.

-12-

1

**No. 13:  Bench Conferences and Recesses.**

2

3

4

5

6

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

7

8

9

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

10

11

Source:        Ninth Circuit Model Instruction No. 1.18.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**No. 14:  Outline of Trial.**

       Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

       The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

       After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

       After that, you will go to the jury room to deliberate on your verdict.

<u>Source:</u>       Ninth Circuit Model Instruction No. 1.19.

1

**No. 15:  Use of Interrogatories of a Party.**

2

3         Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

4

5

6

7

8  <u>Source:</u>        Ninth Circuit Model Instruction No. 2.10.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

1

## No. 16:  Stipulations of Fact

2

3

4

            The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you].  You should therefore treat these facts as having been proved.

5

6      Source:        Ninth Circuit Model Instruction No. 2.2.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Donald Peder Johnsen (011545)
2  dpj@gknet.com
   Laura E. Antonuccio (027329)
3  laura.antonuccio@gknet.com
   GALLAGHER & KENNEDY, P.A.
4  2575 East Camelback Road
5  Phoenix, Arizona 85016-9225
   (602) 530-8000
6  Attorneys for defendant

7

8                    IN THE UNITED STATES DISTRICT COURT

9                        FOR THE DISTRICT OF ARIZONA

10  Gary S. Duarte,                     )   No. 4:12-cv-00844-JAS
11                                      )
                                        )
12              Plaintiff,              )   **STIPULATED FINAL JURY**
                                        )   **INSTRUCTIONS**
13  v.                                  )
                                        )
14  Catalina Foothills School District, )
15                                      )
                                        )
16              Defendant.              )
    _____    )

17

18          The parties herein, by and through their respective undersigned counsel,

19  and in accord with the Court's order (Doc. 43), submit the attached stipulated final jury

20  instructions.

21          The parties reserve any right to modify this request or submit additional

22  proposed jury instructions before this matter is submitted to the jury.

23                    DATED this 2d day of September, 2014.

24                              WATERFALL, ECONOMIDIS, CALDWELL,
                                HANSHAW & VILLAMANA, P.C.
25
                                By:/s/ Jenne S. Forbes (by permission)
26
                                   Attorneys for plaintiff
27

28

                                      -1-

1

DATED this 2d day of September, 2014.

2

GALLAGHER & KENNEDY, P.A.

3

By:/s/ Donald Peder Johnsen

Attorneys for defendant

4

5

I certify that on this 2d day of September, 2014, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

6

7

Jenne S. Forbes (010616)
Attorney for plaintiff

8

/s/ Donald Peder Johnsen

9

4350435

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**No. 1:  Duty to Deliberate.**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>Source:</u>        Ninth Circuit Model Instruction No. 3.1.

-1-

**No. 2:  Consideration of Evidence—Conduct of the Jury.**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

<u>Source</u>:      Ninth Circuit Model Instruction No. 3.1A.

-2-

1

**No. 3:  Communication with Court.**

2
3
4
5
6
7
8

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

9
10

Source:      Ninth Circuit Model Instruction No. 3.2.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**No. 4:  Age Discrimination—Elements and Burden of Proof**

Mr. Duarte has brought a claim of employment discrimination against the District.  He claims the District did not renew his contract because of his age.  The District denies that Mr. Duarte's contract was not renewed because of his age and further claims the decision not to renew his contract was based upon a lawful reason.

In order to prevail on this claim, Mr. Duarte has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the District did not renew his contract;

2.    he was 40 years of age or older at the time his contract was not renewed; and

3.    the District did not renew his contract because of his age; that is, the District would have renewed his contract but for his age.

If you find that Mr. Duarte has proved all three of these elements, your verdict should be for Mr. Duarte.  If, on the other hand, Mr. Duarte has failed to prove any of these elements, your verdict should be for the District.

Source:      Ninth Circuit Model Instruction No. 11.1 (as customized to this case).

-4-

**No. 5:  Damages.**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Duarte, you must determine his damages.  Damages means the amount of money that will reasonably and fairly compensate Mr. Duarte for any loss of wages and benefits you find was caused by the discriminatory act of the District.  You may award the following:

1.       Back pay:  Back pay includes any back wages and employee benefits Mr. Duarte would have received from the date his contract with the District ended (June 30, 2011) to the date of trial.  Mr. Duarte has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence.

2.       Mitigation of Back Pay Award:  Mr. Duarte has a duty to undertake reasonable measures to minimize his damages and the District is not required to compensate him for avoidable damages.  Thus, your award of back pay should be reduced by the amount of damages that Mr. Duarte actually avoided, or could have avoided, if he had made reasonable efforts.  The District has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should be reduced.  Therefore, in considering any back pay award:

a.       You must deduct any wages or other earnings that the District proved that Mr. Duarte received from other employment (other than the event staff employment he had while he was with the District) from the date his contract ended to the date of trial.

b.       You must deduct any District pension benefits that the District proved Mr. Duarte received after the contract ended.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source:       Ninth Circuit Model Instructions Nos. 5.1, 11.7A (as customized to this case).

-5-

1    If the Court decides the jury should render an advisory verdict on the issue
2    of front pay, the following language should be included in the instructions:

3                          **Front Pay**

4
5        A.    Award:  An award for front pay compensates Mr. Duarte for the loss
6    of future wages and employee benefits that have been caused by the District's
     discriminatory act.  You should award front pay to Mr. Duarte to compensate for these
7    losses.  Mr. Duarte bears the burden of proving these losses by a preponderance of the
     evidence.
8
9        B.    Limit on Front Pay Award:  Front pay is intended to be temporary in
     nature.  Mr. Duarte has a duty to make reasonable efforts to obtain a new job of like kind,
10   status, and pay.  Thus, you must limit any award of front pay to compensate only for the
     period of time you find will be necessary for him to obtain such a job if he makes a
11   reasonable effort.  The District has the burden of proving by a preponderance of the
12   evidence that a reduction should be made and the amount by which the award should be
     reduced.
13
14       C.    Reduction to Present Cash Value:  Any award of front pay must also
     be reduced to the present cash value of the award.
15
16       Present cash value means the sum of money needed now, which, when
     invested at a reasonable rate of return, would be sufficient to pay the front pay at the time
17   in the future when the money would have been earned by the plaintiff.

18       The rate of return to be applied in determining present cash value should be
19   the interest that can reasonably be expected from safe investments that can be made by a
     person of ordinary prudence, who has ordinary financial experience and skill.
20
21       D.    You should also consider decreases in the value of money which
     may be caused by future inflation.
22

23   _____
24   9TH CIR. CIV. JURY INSTR. 11.7A (2007) (modified)
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## No. 6:  Damages—Willful

If you find that Mr. Duarte is entitled to recover back pay, you must also determine if the District's conduct was willful.  Mr. Duarte has the burden of proving willfulness by a preponderance of the evidence.

A defendant's conduct is willful if the defendant knew or showed reckless disregard for whether its conduct was prohibited by law.

<u>Source:</u>          Ninth Circuit Model Instruction No. 11.7B (as customized to this case).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**No. 7:  Return of Verdict.**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

<u>Source:</u>          Ninth Circuit Model Instruction No. 3.3.