1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
9    United States of America,              No. CR-13-00714-001-TUC-JAS
10                         Plaintiff,        **ORDER**
11   v.
12   Jose Carlos Durazo,
13                         Defendant.
14

15        The Court has reviewed the parties' submissions pertaining to the upcoming jury

16   trial in this case.  To avoid unnecessary delays and otherwise make the trial as efficient as

17   possible, the Court issues this Order to clarify any issues related to trial.

18

19   **Stipulated Preliminary, Mid-Trial, and Final Jury Instructions; Stipulated Verdict**
20   **Form**

21        The Court will read the stipulated preliminary and final jury instructions submitted

22   by the parties, and will give copies of these instructions to the jury.  *See* Docs. 94, 95.   In

23   addition, the Court will read the stipulated mid-trial instructions, and provide the jury

24   with the stipulated Verdict Form[1] submitted by the parties.  *See* Docs. 94, 95.  The final

25   _____

26        [1] The Verdict Form filed into the record does not specifically state that it is
     stipulated.  *See* Doc. 96. However, the Court received an email in its official chambers
27   inbox attaching copies of the stipulated documents referenced herein; that email indicates
     that the Verdict Form is stipulated, and the Court will treat it as stipulated.  *See* Orders at
28   Docs. 89, 79 (directing the parties to email Word copies of their trial related filings to
     chambers).

instructions will have one addition as noted below in the section dealing with disputed instructions.

**Voir Dire**

The Court has received proposed voir dire from the Government, but has not received any proposed voir dire from Defendant.  *See* Doc. 90.  It does not appear that the voir dire in question is stipulated.  After the Court has finished its voir dire, the Court will hold a bench conference with the parties to discuss whether they believe they need to ask any supplemental questions of the jury panel.  The Court will file a standard version of its Criminal Voir Dire script into the record such that the parties can properly evaluate in advance any supplemental voir dire questions they may want to ask the jury panel in the midst of trial.   If the Court finds that the additional questions are appropriate, the Court will allow the parties to directly ask their questions of the jury panel.

The Court intends to seat 13 jurors in this case (i.e., one alternate juror).  As such, the Court will call 31 jurors into the Court well for questioning, will excuse and replace those jurors as necessary for cause, and then will allow the parties to exercise alternating peremptory strikes outside the presence of the jury.  *See, e.g.*, Fed. R. Crim. P. 24(b)(2) and (c)(4); Fed. R. Crim. P. 31(a); Fed. R. Crim. P.  23(a).   Once the parties have exercised all of their peremptory strikes, the jury panel will be summoned back into the Court room, the final 13 jurors will be called, the Court will give preliminary instructions, and the parties will then be permitted to give their opening arguments.

**Disputed Jury Instructions**

A review of the record reflects that there are two disputed jury instructions.  *See* Doc. 87.   The parties disagree as to what instruction the Court should give as to the definition of "reckless disregard," and they also disagree as to whether any additional instructions should be given pertaining to the definitions of the terms "harbored, concealed, or shielded."

As a threshold matter, the parties agree that the Court should read the following language regarding the substantive offense (harboring an illegal alien) in this case:

The defendant is charged in Count 1 of the indictment with harboring of an alien in violation of Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, **Jasiel Antonio Moreno Cuevas** was an alien;

Second, **Jasiel Antonio Moreno Cuevas** was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that **Jasiel Antonio Moreno Cuevas** was not lawfully in the United States; and

Fourth, the defendant harbored, concealed, or shielded from detection **Jasiel Antonio Moreno Cuevas** for the purpose of avoiding his detection by immigration authorities.

Fifth, the defendant did something that was a substantial step toward committing the crime. Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.

*See* Doc. 87 at pp. 2-5. The stipulated language reflected above mirrors Ninth Circuit Model Criminal Instruction (hereinafter, "Model Instructions") 9.3 (Alien-Harboring).

The definition of reckless disregard offered by the Government (Doc. 87 at p. 5, lines 18-22) is drawn from an unpublished Ninth Circuit case. *See U.S. v Burnett*, 1988 WL 33356 at 2 n. 4 (9th Cir. 1988)(unpublished). A review of that unpublished case reflects that the Ninth Circuit only found that the jury instruction read by the trial court (i.e., the same one the Government offers in this case) was not erroneous when viewed as a whole in light of all the other instructions read during the trial. *See id.* at 2 ("When the court's instruction on 'reckless disregard' is viewed together with the prior instruction on the elements of the offense and the subsequent instruction on specific intent . . . the instructions were not misleading and they adequately conveyed the applicable law on 'reckless disregard' to the jury."). The Court finds that this unpublished authority is insufficient to accept the definition of reckless disregard offered by the Government. In

contrast, the definition of reckless disregard offered by Defendant is drawn from published Eleventh and Tenth Circuit cases. *See* Doc. 87 at p. 6, lines 2-15.  While the Court finds Defendant's position more persuasive in light of the fact that the cases relied upon are cited with approval in the Comments to the Model Instructions regarding related crimes of transporting illegal aliens, Defendant's definition is rejected to the extent it differs with the applicable Comments discussed herein.

The Comments to Model Instruction 9.3 (dealing with harboring illegal aliens) cross-references the Comments to Model Instruction 9.2 (dealing with transporting illegal aliens).  Both substantive instructions contain identical language relating to reckless disregard which state in relevant part: "The defendant knew or acted in reckless disregard of the fact that the alien in question was not lawfully in the United States."  The Comment to Model Instruction 9.2 then goes on to state in relevant part: "'Reckless' disregard is not defined in Title 8, United States Code, and Ninth Circuit case law has not defined the phrase as used in this context. 'Reckless disregard' has been defined by other circuits as being aware of facts which, if considered and weighed in a reasonable manner, indicate a substantial and unjustifiable risk that the alleged aliens were in fact aliens and were in the United States unlawfully. *See United States v. Zlatogur*, 271 F.3d 1025, 1029 (11th Cir.2001), cert. denied, 535 U.S. 946 (2002); *United States v. Uresti-Hernandez*, 968 F.2d 1042, 1046 (10th Cir.1992)."  In light of the foregoing and the fact that the Court finds that further clarification of the term "reckless disregard" is warranted, the Court will use the following definition of "reckless disregard" which most closely tracks the language cited in the Comments discussed above:

> As used in these instructions, reckless disregard means being aware of facts which, if considered and weighed in a reasonable manner, indicate a substantial and unjustifiable risk that the alleged alien was in fact an alien and was in the United States unlawfully.

In contrast, the Court finds that Model Instruction 9.3 sufficiently addresses "harbored, concealed, or shielded" when read in the context of the entire instruction

which will state in part:

> First, Jasiel Antonio Moreno Cuevas was an alien; Second, Jasiel Antonio Moreno Cuevas was not lawfully in the United States; Third, the defendant knew or acted in reckless disregard of the fact that Jasiel Antonio Moreno Cuevas was not lawfully in the United States; and Fourth, the defendant harbored, concealed, or shielded from detection Jasiel Antonio Moreno Cuevas for the purpose of avoiding his detection by immigration authorities.

The Court finds that the Government's additional language offered as to "harbored, concealed, or shielded" (Doc. 87 at p. 3, lines 2-7) is unwarranted, and may otherwise unnecessarily add confusion for the jury. As such, it is rejected and will not be read at trial.[2]

The Court has finalized all of the pertinent documents (i.e., Criminal Voir Dire Script, Preliminary/Mid-Trial/Final Instructions, and Verdict Form) and attached them to this Order to be filed into the official record such that the parties have as much necessary information as possible in advance of trial. The Court hopes that this will streamline the trial process for both the parties and the jury in this case.

Dated this 24th day of September, 2014.



Honorable James A. Soto
United States District Judge

---

[2] The Court also notes that the specific pinpoint case citations provided by the Government do not support its position. *See* Doc. 87 at p. 3, lines 11-12.

# <u>Criminal Voir Dire Script</u>

## <u>Opening Remarks</u>

Good morning and welcome to everyone.   I am United States District Judge James Soto, and I will be presiding over this trial starting with jury selection.

Before selection, I want to take a few moments to talk about why jury service is so important, and to acknowledge the significance of your participation in the jury process. Our American concept of justice is embodied in a trial by jury.   Voting and jury service are the two principal ways citizens directly participate in the democratic process.   The right to trial by jury is a fundamental principle of the American legal system which is guaranteed by the United States Constitution.   It preserves a right deeply rooted in history that allows people to have their cases, both civil and criminal, heard not by Government officials, but by their peers within their community.

Jurors keep law in the United States close to the people.   You have an opportunity to provide a great service, and you also have a great responsibility in this service.   Jurors must determine the facts from the testimony and other evidence presented throughout trial, and must correctly apply the law to those facts while putting aside any bias, prejudice and sympathy in so doing.

Thank you for being here, and for your willingness to participate in this process. We are now going to begin the jury selection in this case.

## Oath

Will all prospective jurors seated in the courtroom please stand and be sworn. After you are sworn, please be seated.

**(The Courtroom Deputy should be prompted to administer the oath)**

## Calling Jurors 1 through 31

As your juror number is called, please pass through the swinging wooden doors and enter the well of the Courtroom.   Your juror number is reflected on the sticker you were given by the Jury Commissioner.

Jurors 1 through 8 please enter the Court well and arrange yourselves in numerical order from 1 to 8.   Please be seated in the upper row of the jury box in numerical order with juror 1 in the far left seat, and juror 8 in the far right seat.

Jurors 9 through 16 please enter the Court well and arrange yourselves in numerical order from 9 to 16.   Please be seated in the lower row of the jury box in numerical order with juror 9 in the far left seat, and juror 16 in the far right seat.

Jurors 17 through 24 please enter the Court well and arrange yourselves in numerical order from 17 to 24.   Please be seated in the third row of seats nearest the jury box in numerical order with juror 17 in the far left seat, and juror 24 in the far right seat.

Jurors 24 through 31 please enter the Court well and arrange yourselves in numerical order from 24 to 31.   Please be seated in the fourth row of seats in numerical order with juror 24 in the far left seat, and juror 31 in the far right seat.

2

**Duty of Candor**

Ladies and gentlemen, you will now be asked a number of questions about yourselves.   These questions are not designed to pry unnecessarily into your personal lives or affairs and I hope that they do not do that.   It is necessary for me to ask you some questions to find out if you have any knowledge about this case; if you have any preconceived opinions which you might find difficult to lay aside; if you have had any personal or family experiences which might cause you to identify yourself with any of the parties.   In other words, we need to ask these questions to do all we can to assure each party that the jurors who will be selected to decide the case are able to be fair and impartial.

Please do not withhold information in order to be seated on this jury.   Don't be concerned with whether your answers are "right" or "wrong"; this is not any sort of test. Just be straightforward in your answers rather than answering in the way you feel the lawyers or I expect you to answer.

If your answer to a question asked of the whole panel is "No", you need not do anything.   If your answer to a question is "yes," please raise your hand.   I will call on you and ask additional questions.   If you have a "yes" answer and, for whatever reason, you prefer not to answer the question in open court, please raise your hand anyway and when I call on you, state that you prefer to answer the question in private.   That can be done.   At the appropriate time, I will ask you to come up to the bench, and you, counsel, and I will discuss the matter.

3

[Addressing jurors not called into the Court well.]   If you have not been called into the Court well, you do not have to raise your hand.   However, you still must pay close attention to the questions as there is a very good chance that many of the 31 jurors that were initially called will be excused, and you will be called to take their place.   Once you take their place, my first question to you will be whether you would have answered yes to any of the questions asked thus far.   As such, all of you will notice that pens and note pads have been made available in the courtroom if that will be helpful in keeping tracking of any "yes" answers to the questions.

## Introduction of the Court Staff, Attorneys, Parties, and Witnesses

Before we go any further, I would like to introduce the courtroom personnel.   The Courtroom Deputy is _____.   Among other things, the Courtroom Deputy keeps the official record of the proceedings, handles all the exhibits and swears the witnesses and jurors.

Our Court Reporter is _____.   The Court Reporter takes down everything said in court so that we can have a word-for-word report.

Our interpreters, who are seated to my right, provide translation services-typically from Spanish to English and vice versa.

Our bailiff who will be helping with the jury selection process today is _____.

Now let me introduce the lawyers and their clients.

4

1.     The     Government     is     represented     by     an Assistant United States Attorney ("AUSA") who is a lawyer who works for the U.S. Attorneys Office for the District of Arizona.  [Ask the AUSA to stand, and introduce himself or herself and any other counsel associated with the trial (usually there is only one AUSA at the trial), as well as the person seated at counsel's table (typically, there is a case agent sitting at the table such as an agent from Border Patrol or ICE).  In addition, ask counsel to tell the jurors the names of any witnesses the Government may call during the trial.]  On a social or professional basis, do any of you know: counsel for the Government; any of the witnesses or individuals referenced by the Government; or anyone associated with the offices or agencies of these individuals?

[If NO hand is raised] Apparently, none of you think you know any of the individuals associated with this case for the Government.

[If a hand is raised] Yes, juror number _____, which individual do you think you know?  How well do you know him/her?  Would that affect your ability to be fair and impartial?

2.  [Ask Defense counsel to stand, and introduce himself or herself and any other counsel associated with the trial (usually there is only one defense counsel at trial), and ask counsel to state the name of the firm or governmental body (i.e., the Federal Public Defender) he or she is associated with.  Ask Defense counsel to have his client (the Defendant) stand and have counsel introduce Defendant as well.  In addition, ask counsel

to tell the jurors the names of any witnesses the defense may call during the trial.]   On a social or professional basis, do any of you know: counsel for the Defendant; any of the witnesses or individuals referenced by the Defendant; or anyone associated with the offices or agencies of these individuals?

[If NO hand is raised] Apparently, none of you think you know any of the individuals associated with this case for the Defendant.

[If a hand is raised] Yes, juror number _____, which individual do you think you know?   How well do you know him/her?   Would that affect your ability to be fair and impartial?

**Description of Case**

The case being tried today is a criminal case.   The defendant is charged with _____.   The indictment in this case alleges the following: quote indictment)

The Defendant has pleaded not guilty.

**Knowledge of the Case and/or Similar Cases**

Have any of you ever seen, heard, or read anything about this case, or have any of you ever heard anyone express an opinion about it?

[If yes, ask the juror and counsel to approach the bench.   Ask the juror: What have you heard or read?   From what source did you learn about this matter?   Do you think that might have some bearing on your judgment if you were chosen as a juror in

this case?   Could you be fair and impartial?   If applicable, ask counsel whether the juror should be excused for cause, excuse the juror and have him/her report back to the Jury Commissioner, and have the Courtroom Deputy call a replacement juror.]

Have you, any close family members, or close friends, ever been involved in a case like this?

Is there anything about the nature of this case that would make it difficult for you to serve as a fair and impartial juror?

**<u>Schedules</u>**

I know that jury service is an inconvenience to all of you to one extent or another. But, I hope you know how important it is to this community that people such as yourselves be willing to serve on juries.   Jury duty is one of the most important civic duties that citizens of this country are called upon to perform. I know that you will not take this duty lightly.

Let me tell you about the schedule for the trial.   This case is expected to take a total of _____ days (which includes today).   Trial will start today immediately after jury selection and will end around 5:00 p.m.   Trial will start each subsequent day at 9:30 a.m. and end by 5:00 p.m.   Once trial has started, we will have a lunch break, a short break in the mid-morning and mid-afternoon, and stretch breaks.

Is there anything about the anticipated length or daily schedule of the trial that presents an <u>insurmountable</u> problem, whether it be personal, business, or health, that is

significant enough that you feel the need to ask to be excused from service on this jury?

## Exposure to Legal Training

Have any of you, any close family members, or close friends, ever served as a law enforcement officer?

Have you, or any close family members, ever studied or practiced law?

## Duty to Follow the Law

After the jury has been empaneled, you will receive some preliminary instructions on the law.   At the conclusion of the trial, I will fully instruct you on the applicable law. As a juror, you are obligated to follow the law given to the jury by the Court.   Is there anyone who would be unwilling or unable to follow the law as given in the instructions, disregarding your own notions or ideas as to what the law is or ought to be?

## Evaluation of witnesses

One important task of the jury is to listen to the testimony of the various witnesses and decide how much or how little weight the testimony should be given.   You will be instructed that in evaluating credibility you may consider factors such as the witnesses' ability to see or hear the things testified to, the witnesses' bias or prejudice, and the witnesses' demeanor while testifying.

Is there anyone who could not judge the testimony of all the witnesses by the same standards?   For example, is there anyone who believes that the testimony of law enforcement officers should be treated or evaluated in a different way than the testimony of

other witnesses who have sworn to tell the truth?    Stated differently, is there anyone who would give more or less weight to the testimony of a law enforcement officer (as compared to the testimony of any other witness) simply because that individual is a law enforcement officer?

## Principles of Law Applicable to a Criminal Trial

The law requires the Government to prove the defendant guilty beyond a reasonable doubt.    The defendant is presumed by law to be innocent which means the defendant is not required to prove innocence or produce any evidence.

The defendant in a criminal case has a right not to testify at trial.    The exercise of that right cannot be considered by the jury in determining guilt or innocence.

Would anyone be unable or unwilling to follow these principles of law?

## Familiarity with Other Panel Members

Do any of you know any other members of this jury panel?    If yes, how do you know each other?

Would it pose a problem for you should both you and juror number _____ serve as jurors in this case?

Would you be able to exercise independent judgment in deciding this matter?

[If both jurors are employed by the same business, ask: Is there a supervisory relationship between the two of you?    If so, would this pose any problems exercising independent judgment in this case?]

9

**Criminal Convictions**

Have you, a close family member, or close friend, ever been convicted of any crime other than a minor traffic offense? For purposes of this case, drunk driving or any form of driving under the influence ("DUI") is not a minor traffic offense.

**Miscellaneous**

Do you have any social, religious, or political beliefs that would prevent you from convicting the defendant even if the Government proves its case beyond a reasonable doubt?   In other words, even if the Government were to meet its burden of proof, is there anyone who would not convict based on a social, religious, political or private belief?

By the same token, does anyone on the panel have such a belief that would prevent him or her from acquitting the defendant even if the Government does not prove its case beyond a reasonable doubt?

**Questionnaire**

Each of you has been given a list of questions that I would like each of you to answer at this time.   Juror Number ____ [start with whoever is in seat number 1], would you please stand and answer those questions.   After you are done, please pass the microphone to the juror to your left who can then proceed to answer the same questions.

[The Courtroom Deputy will have already given the prospective jurors the standard questionnaire which asks the following questions:   1. What is your juror number?; 2. Where is your place of birth?; 3. How long have you lived in Arizona?; 4. In what city do

10

you presently live? What area?; 5. What is your educational background?; 6.  Are you

presently employed? If so, where?; 7. Briefly, what former jobs have you held?; 8. What is

your marital status?; 9. If married, what is your spouse's present and former employment?;

10. How many children do you have?; 11. What clubs or organizations do you belong to?;

12. Have you ever sat as a juror?   If so, please state the nature of the case and the verdict?]

**General Inquiry**

Ladies and gentlemen, I have asked all the questions I had planned to ask.

Sometimes I find that we get to the end of the questioning and jurors have thought about

additional answers they might have to questions that were asked earlier.   Then they

wonder if they should give the answers or not.   Please do give the answers.

If you have anything in mind now that you are wondering if you should tell me

about, or you wish you had said something about earlier, please tell me now.

Let me ask a last, very broad question: Is there anything you think the attorneys or I

should know before selecting the jurors who will serve in this case?

**Additional Questions from Counsel**

Will counsel please approach the bench.   [At the bench conference, determine what

additional questions (if any) are to be asked.   Ask any additional questions agreed upon by

the Court and counsel, or permit counsel to conduct further voir dire.   After additional

questions (if any) have been asked, inquire again at a bench conference whether the panel

can be passed for cause by counsel.   If counsel agree that the panel can be passed for

cause, direct counsel to return to their seats, and ask them to state their positions before the panel.]

**Counsel's Approval of Panel**

Do both sides pass the panel for cause?

**Exercise of Peremptory Strikes**

Ladies and gentlemen, we will now take a short recess to complete the process of jury selection.  Each of you has been found to be fair and impartial, so don't take it personally if you are not chosen to serve as a juror in this case.   Only **13** of you can be on this jury.

During the recess, I'll ask that you wait outside the courtroom.  When you are called back into court, please sit anywhere in the back of the courtroom; do not sit in the Court well.  During the recess, do not discuss the case or anything connected with it among yourselves or with anyone else.   We estimate that the recess will be about 20 to 30 minutes, so be ready to come back into court in 20 minutes.   Thank you.

[After the jury is excused, ask counsel if they have any matters to discuss.   If there are no additional issues, direct them to make their alternating peremptory strikes after leaving the courtroom, and to inform the Courtroom Deputy when they are done with their peremptory strikes such that the Courtroom Deputy will have the final 13 jurors.   After the Courtroom Deputy has the final 13 jurors, and the entire jury panel is summoned back into the courtroom, the Courtroom Deputy will call to come back into court to complete jury

12

selection.]

**Impanelment of the Jury**

The record will show the presence of the defendant, counsel, and the prospective jurors.  Ladies and gentlemen, the Courtroom Deputy will now read the numbers of the jurors selected to try this case.  As your number is read, please come forward and be seated in the jury box as directed by the Courtroom Deputy.

**Panel Members that are Not Selected**

Those of you who were not selected as jurors please report back to the Jury Commissioner on the First Floor.   Thank you for your willingness to serve on this jury and for your participation here today.

**Administering of Oath to the Jury**

Would those of you who have been chosen as jurors please stand and be sworn.

**(The Courtroom Deputy should be prompted to administer the oath)**

**After the Oath, Read the Preliminary Instructions, and then Direct the Parties to give their Opening Statements**

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America, | CR-13-0714-TUC-JAS (JR) |
| Plaintiff, | |
| vs. | PRELIMINARY JURY INSTRUCTIONS |
| Jose Carlos Durazo, | |
| Defendant. | |

You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

1    This is a criminal case brought by the United States government. The government
2    charges the defendant with Harboring an Illegal Alien. The charge against the defendant
3    is contained in the indictment. The indictment simply describes the charge the
4    government brings against the defendant. The indictment is not evidence and does not
5    prove anything. The defendant has pleaded not guilty to the charge and is presumed
6    innocent unless and until the government proves the defendant guilty beyond a
7    reasonable doubt. In addition, the defendant has the right to remain silent and never has
8    to prove innocence or to present any evidence.

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits which are received in evidence and

      (3) any facts to which the parties agree.

1

2          The following things are not evidence, and you must not consider them as evidence

3   in deciding the facts of this case:

4                  (1)     statements and arguments of the attorneys;

5                  (2)     questions and objections of the attorneys;

6                  (3)     testimony that I instruct you to disregard; and

7                  (4)     anything you may see or hear when the court is not in session even

8   if what you see or hear is done or said by one of the parties or by one of the witnesses.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

could result that would require the entire trial process to start over.  If any juror is
exposed to any outside information, please notify the court immediately.

1
2          At the end of the trial you will have to make your decision based on what you
3   recall of the evidence. You will not have a written transcript of the trial.  I urge you to
4   pay close attention to the testimony as it is given.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2      If you wish, you may take notes to help you remember the evidence.  If you do take

3 notes, please keep them to yourself until you and your fellow jurors go to the jury room

4 to decide the case.  Do not let note-taking distract you from being attentive. When you

5 leave court for recesses, your notes should be left in the envelope in the jury room.

6 No one will read your notes.

7      Whether or not you take notes, you should rely on your own memory of the

8 evidence. Notes are only to assist your memory. You should not be overly influenced by

9 your notes or those of your fellow jurors.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2     The next phase of the trial will now begin.  First, each side may make an opening

3     statement.  An opening statement is not evidence.  It is simply an outline to help you

4     understand what that party expects the evidence will show.  A party is not required to

5     make an opening statement.

6     The government will then present evidence and counsel for the defendant may

7     cross-examine.   Then, if the defendant chooses to offer evidence, counsel for the

8     government may cross-examine.

9     After the evidence has been presented, the attorneys will make closing arguments

10    and I will instruct you on the law that applies to the case.  After that, you will go to the

11    jury room to deliberate on your verdict.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   A language other than English will be used for some evidence during this trial.

3 When recorded evidence is presented in another language, there will be an official court

4 translation of the recording.

5   The evidence you are to consider and on which you must base your decision is

6 only the English-language translation provided through the official court translators.

7 Although some of you may know the non-English language used, you must disregard

8 any meaning of the non-English words that differs from the official translation.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America, | CR-13-0714-TUC-JAS (JR) |
| Plaintiff, | |
| vs. | MID-TRIAL JURY INSTRUCTIONS DURING THE COURSE OF TRIAL |
| Jose Carlos Durazo, | |
| Defendant. | |

1    We are about to take our first break.  Remember, until the trial is over, do not

2    discuss this case with anyone, including your fellow jurors, members of your family,

3    people involved in the trial, or anyone else, and do not allow others to discuss the case

4    with you.  This includes discussing the case in Internet chat rooms or through Internet

5    blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate

6    with you about the case, please let me know about it immediately.  Do not read, watch,

7    or listen to any news reports or other accounts about the trial or anyone associated with

8    it, including any online information.  Do not do any research, such as consulting

9    dictionaries, searching the Internet or using other reference materials, and do not make

10   any investigation about the case on your own.  Finally, keep an open mind until all the

11   evidence has been presented and you have heard the arguments of counsel, my

12   instructions on the law, and the views of your fellow jurors.

13   If you need to speak with me about anything, simply give a signed note to the

14   Courtroom Deputy to give to me.

1       From time to time during the trial, it may become necessary for me to take up

2  legal matters with the attorneys privately, either by having a conference at the bench or,

3  when necessary, by calling a recess.

4       We will do what we can to keep the number and length of these conferences to a

5  minimum.  I may not always grant an attorney's request for a conference.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States America,

               Plaintiff,

    vs.

Jose Carlos Durazo,

               Defendant.

CR-13-0714-TUC-JAS (JR)

FINAL JURY
INSTRUCTIONS

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This is a criminal case brought by the United States government. The government charges the defendant with Harboring an Illegal Alien. The charge against the defendant is contained in the indictment. The indictment simply describes the charge the government brings against the defendant. The indictment is not evidence and does not prove anything. The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

1
2        A defendant in a criminal case has a constitutional right not to testify.   You may
3    not draw any inference of any kind from the fact that the defendant did not testify.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

2          The evidence you are to consider in deciding what the facts are consists of:

3              (1)    the sworn testimony of any witness; and

4              (2)     the exhibits received in evidence; and

5              (3)    any facts to which the parties have agreed.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.

The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

        (1) the witness's opportunity and ability to see or hear or know the things testified to;

        (2) the witness's memory;

        (3) the witness's manner while testifying;

        (4) the witness's interest in the outcome of the case, if any;

        (5) the witness's bias or prejudice, if any;

        (6) whether other evidence contradicted the witness's testimony;

        (7) the reasonableness of the witness's testimony in light of all the evidence; and

        (8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Law enforcement witnesses are no different from any other witness and should be judged by the same standard.

1

2          You are here only to determine whether the defendant is guilty or not guilty of the

3    charge in the indictment.   The defendant is not on trial for any conduct or offense not

4    charged in the indictment.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          The Spanish language has been used during this trial.   The evidence you are to

3   consider is only that provided through the official court translators. Although some of

4   you may know the Spanish language, it is important that all jurors consider the same

5   evidence. Therefore, you must accept the evidence presented in the English translation

6   and disregard any different meaning.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2          You have heard testimony of eyewitness identification.  In deciding how much

3   weight to give to this testimony, you may consider the various factors mentioned in

4   these instructions concerning credibility of witnesses.

5          In addition to those factors, in evaluating eyewitness identification testimony,

6   you may also consider:

7                  (1)     the capacity and opportunity of the eyewitness to observe the

8   offender based upon the length of time for observation and the conditions at the time of

9   observation, including lighting and distance;

10                 (2)     whether the identification was the product of the eyewitness's own

11   recollection or was the result of subsequent influence or suggestiveness;

12                 (3)     any inconsistent identifications made by the eyewitness;

13                 (4)     the witness's familiarity with the subject

14   identified;

15                 (5)    the strength of earlier and later identifications;

16                 (6)    lapses of time between the event and the identification[s]; and

17                 (7)    the totality of circumstances surrounding the eyewitness's

18   identification.

19

20

21

22

23

24

25

26

27

28

1
2          You have heard testimony from persons who, because of education or
3    experience, were permitted to state opinions and the reasons for their opinions.
4          Such opinion testimony should be judged like any other testimony.   You may
5    accept it or reject it, and give it as much weight as you think it deserves, considering the
6    witness's education and experience, the reasons given for the opinion, and all the other
7    evidence in the case.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The defendant is charged in Count 1 of the indictment with harboring of an alien in violation of Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Jasiel Antonio Moreno Cuevas was an alien;

Second, Jasiel Antonio Moreno Cuevas was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that Jasiel Antonio Moreno Cuevas was not lawfully in the United States; and

Fourth, the defendant harbored, concealed, or shielded from detection Jasiel Antonio Moreno Cuevas for the purpose of avoiding his detection by immigration authorities.

Fifth, the defendant did something that was a substantial step toward committing the crime. Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.

1    As used in these instructions, reckless disregard means being aware of facts
2  which, if considered and weighed in a reasonable manner, indicate a substantial and
3  unjustifiable risk that the alleged alien was in fact an alien and was in the United States
4  unlawfully.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1

2      Mere presence at the scene of a crime or mere knowledge that a crime is being

3  committed is not sufficient to establish that the defendant committed the crime of

4  Harboring an Illegal Alien.   The defendant must be a participant and not merely a

5  knowing spectator.  The defendant's presence may be considered by the jury along with

6  other evidence in the case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2    Because you must base your verdict only on the evidence received in the case and

3    on these instructions, I remind you that you must not be exposed to any other information

4    about the case or to the issues it involves. Except for discussing the case with your fellow

5    jurors during your deliberations:

6    Do not communicate with anyone in any way and do not let anyone else

7    communicate with you in any way about the merits of the case or anything to do with it.

8    This includes discussing the case in person, in writing, by phone or electronic means, via

9    email, text messaging, or any Internet chat room, blog, website or other feature. This

10   applies to communicating with your family members, your employer, the media or press,

11   and the people involved in the trial. If you are asked or approached in any way about your

12   jury service or anything about this case, you must respond that you have been ordered not

13   to discuss the matter and to report the contact to the court.

14   Do not read, watch, or listen to any news or media accounts or commentary about

15   the case or anything to do with it; do not do any research, such as consulting dictionaries,

16   searching the Internet or using other reference materials; and do not make any

17   investigation or in any other way try to learn about the case on your own.

18   The law requires these restrictions to ensure the parties have a fair trial based on

19   the same evidence that each party has had an opportunity to address. A juror who violates

20   these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result

21   that would require the entire trial process to start over. If any juror is exposed to any

22   outside information, please notify the court immediately.

23

24

25

26

27

28

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1

2      The punishment provided by law for this crime is for the court to decide. You may

3  not consider punishment in deciding whether the government has proved its case against

4  the defendant beyond a reasonable doubt.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2        A verdict form has been prepared for you.   After you have reached unanimous
3   agreement on a verdict, your foreperson should complete the verdict form according to
4   your deliberations, sign and date it, and advise the clerk that you are ready to return to the
5   courtroom.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2          If it becomes necessary during your deliberations to communicate with me, you

3   may send a note through the Courtroom Deputy signed by any one or more of you.  No

4   member of the jury should ever attempt to communicate with me except by a signed

5   writing, and I will respond to the jury concerning the case only in writing or here in open

6   court.  If you send out a question, I will consult with the lawyers before answering it,

7   which may take some time.  You may continue your deliberations while waiting for the

8   answer to any question.  Remember that you are not to tell anyone—including me—how

9   the jury stands, numerically or otherwise, on any question submitted to you, including

10  the question of the guilt of the defendant, until after you have reached a unanimous

11  verdict or have been discharged.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*UNITED STATES DISTRICT COURT*
*for the*
*DISTRICT OF ARIZONA*

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br>     v.<br><br>Jose Carlos Durazo,<br><br>              Defendant. | CR 13-0714-TUC-JAS<br><br>**V E R D I C T** |

We, the Jury, find the defendant, Jose Carlos Durazo:

_____ of Harboring of Illegal Aliens as charged in Count 1 of the
(Guilty/Not Guilty) indictment.


DATE_____                _____
                                                                FOREPERSON