# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-00714-001-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Jose Carlos Durazo, | |
| Defendant. | |

The Court has received the parties' new stipulated preliminary jury instruction (Doc. 100) which the Court has incorporated into the preliminary jury instructions it will read to the jury. In addition, the Court has added one preliminary jury instruction pertaining to allowing questions from the jurors; this instruction mirrors Ninth Circuit Civil Model Jury Instruction 1.15. The Court has attached the updated preliminary jury instructions to this Order.

Dated this 29th day of September, 2014.

Honorable James A. Soto
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States America, | CR-13-0714-TUC-JAS (JR) |
|---|---|
| Plaintiff, | |
| vs. | PRELIMINARY JURY INSTRUCTIONS |
| Jose Carlos Durazo, | |
| Defendant. | |

1    You now are the jury in this case, and I want to take a few minutes to tell you
2 something about your duties as jurors and to give you some preliminary instructions. At
3 the end of the trial I will give you more detailed written instructions that will control your
4 deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the
5 evidence received in the case and, in that process, to decide the facts. To the facts as you
6 find them, you will apply the law as I give it to you, whether you agree with the law or
7 not. You must decide the case solely on the evidence and the law before you and must not
8 be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please
9 do not take anything I may say or do during the trial as indicating what I think of the
10 evidence or what your verdict should be—that is entirely up to you.

1    This is a criminal case brought by the United States government. The government
2  charges the defendant with Harboring an Illegal Alien. The charge against the defendant
3  is contained in the indictment. The indictment simply describes the charge the
4  government brings against the defendant. The indictment is not evidence and does not
5  prove anything. The defendant has pleaded not guilty to the charge and is presumed
6  innocent unless and until the government proves the defendant guilty beyond a
7  reasonable doubt. In addition, the defendant has the right to remain silent and never has
8  to prove innocence or to present any evidence.

| | |
|---|---|
| 1 | |
| 2 | The evidence you are to consider in deciding what the facts are consists of: |
| 3 | (1) the sworn testimony of any witness; |
| 4 | (2) the exhibits which are received in evidence and |
| 5 | (3) any facts to which the parties agree. |

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

    (1)    statements and arguments of the attorneys;

    (2)    questions and objections of the attorneys;

    (3)    testimony that I instruct you to disregard; and

    (4)    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

1
2    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,
3  such as testimony by a witness about what that witness personally saw or heard or did.
4  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from
5  which one can find another fact.
6    You are to consider both direct and circumstantial evidence. Either can be used
7  to prove any fact.  The law makes no distinction between the weight to be given to
8  either direct or circumstantial evidence. It is for you to decide how much weight to give
9  to any evidence.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

This is a criminal case brought by the United States government. The government charges the defendant with Harboring an Illegal Alien. The charge against the defendant is contained in the indictment. The indictment simply describes the charge the government brings against the defendant. The indictment is not evidence and does not prove anything. The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case:

First, Jasiel Antonio Moreno Cuevas was an alien;

Second, Jasiel Antonio Moreno Cuevas was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that Jasiel Antonio Moreno Cuevas was not lawfully in the United States; and

Fourth, the defendant harbored, concealed, or shielded from detection Jasiel Antonio Moreno Cuevas for the purpose of avoiding his detection by immigration authorities.

Fifth, the defendant did something that was a substantial step toward committing the crime. Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

An alien is a person who is not a natural born or naturalized citizen of the United States.  An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.

1      I will now say a few words about your conduct as jurors.

2      First, keep an open mind throughout the trial, and do not decide what the verdict
3   should be until you and your fellow jurors have completed your deliberations at the end
4   of the case.

5      Second, because you must decide this case based only on the evidence received
6   in the case and on my instructions as to the law that applies, you must not be exposed to
7   any other information about the case or to the issues it involves during the course of
8   your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

9      Do not communicate with anyone in any way and do not let anyone else
10  communicate with you in any way about the merits of the case or anything to do with it.
11  This includes discussing the case in person, in writing, by phone or electronic means,
12  via email, text messaging, or any Internet chat room, blog, website or other feature.
13  This applies to communicating with your fellow jurors until I give you the case for
14  deliberation, and it applies to communicating with everyone else including your family
15  members, your employer, the media or press, and the people involved in the trial,
16  although you may notify your family and your employer that you have been seated as a
17  juror in the case. But, if you are asked or approached in any way about your jury service
18  or anything about this case, you must respond that you have been ordered not to discuss
19  the matter and to report the contact to the court.

20     Because you will receive all the evidence and legal instruction you properly may
21  consider to return a verdict:  do not read, watch, or listen to any news or media accounts
22  or commentary about the case or anything to do with it; do not do any research, such as
23  consulting dictionaries, searching the Internet or using other reference materials; and do
24  not make any investigation or in any other way try to learn about the case on your own.

25     The law requires these restrictions to ensure the parties have a fair trial based on
26  the same evidence that each party has had an opportunity to address.  A juror who
27  violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial
28  could result that would require the entire trial process to start over.  If any juror is
    exposed to any outside information, please notify the court immediately.

1    At the end of the trial you will have to make your decision based on what you
2  recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay
3  close attention to the testimony as it is given.

| | |
|---|---|
| 1 | |
| 2 | If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the envelope in the jury room. No one will read your notes. |

     Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

1    The next phase of the trial will now begin. First, each side may make an opening
2 statement. An opening statement is not evidence. It is simply an outline to help you
3 understand what that party expects the evidence will show. A party is not required to
4 make an opening statement.
5    The government will then present evidence and counsel for the defendant may
6 cross-examine. Then, if the defendant chooses to offer evidence, counsel for the
7 government may cross-examine.
8    After the evidence has been presented, the attorneys will make closing arguments
9 and I will instruct you on the law that applies to the case. After that, you will go to the
10 jury room to deliberate on your verdict.

| | |
|---|---|
| 1 | |
| 2 | A language other than English will be used for some evidence during this trial. When recorded evidence is presented in another language, there will be an official court translation of the recording. |
| 3 | |
| 4 | |
| 5 | The evidence you are to consider and on which you must base your decision is only the English-language translation provided through the official court translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official translation. |
| 6 | |
| 7 | |
| 8 | |

1
2    A language other than English will be used for some evidence during this trial.
3    When recorded evidence is presented in another language, there will be an official court
4    translation of the recording.
5    The evidence you are to consider and on which you must base your decision is
6    only the English-language translation provided through the official court translators.
7    Although some of you may know the non-English language used, you must disregard
8    any meaning of the non-English words that differs from the official translation.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28