1
2
3
4
5
6
               **IN THE UNITED STATES DISTRICT COURT**
7
                  **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| United States of America, | No. CR-13-00714-001-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Jose Carlos Durazo, | |
| Defendant. | |

Pursuant to the stipulations of the parties at the pretrial conference, the Court has updated the preliminary instructions with definitions of reckless indifference and knowledge. In addition, the Court has updated the Voir Dire script with the stipulated voir dire questions discussed at the pretrial conference (i.e., Government's proposed voir dire questions #'s 15 and 16-*see* Doc. 90; Defendant's proposed voir dire questions #'s 3 and 5-*see* Doc. 98).

Dated this 29th day of September, 2014.

_____
Honorable James A. Soto
United States District Judge

# Criminal Voir Dire Script

## Opening Remarks

Good morning and welcome to everyone.   I am United States District Judge James Soto, and I will be presiding over this trial starting with jury selection.

Before selection, I want to take a few moments to talk about why jury service is so important, and to acknowledge the significance of your participation in the jury process. Our American concept of justice is embodied in a trial by jury.   Voting and jury service are the two principal ways citizens directly participate in the democratic process.   The right to trial by jury is a fundamental principle of the American legal system which is guaranteed by the United States Constitution.   It preserves a right deeply rooted in history that allows people to have their cases, both civil and criminal, heard not by Government officials, but by their peers within their community.

Jurors keep law in the United States close to the people.   You have an opportunity to provide a great service, and you also have a great responsibility in this service.   Jurors must determine the facts from the testimony and other evidence presented throughout trial, and must correctly apply the law to those facts while putting aside any bias, prejudice and sympathy in so doing.

Thank you for being here, and for your willingness to participate in this process. We are now going to begin the jury selection in this case.

**Oath**

Will all prospective jurors seated in the courtroom please stand and be sworn. After you are sworn, please be seated.

**(The Courtroom Deputy should be prompted to administer the oath)**

**Calling Jurors 1 through 31**

As your juror number is called, please pass through the swinging wooden doors and enter the well of the Courtroom.   Your juror number is reflected on the sticker you were given by the Jury Commissioner.

Jurors 1 through 8 please enter the Court well and arrange yourselves in numerical order from 1 to 8.  Please be seated in the upper row of the jury box in numerical order with juror 1 in the far left seat, and juror 8 in the far right seat.

Jurors 9 through 16 please enter the Court well and arrange yourselves in numerical order from 9 to 16.   Please be seated in the lower row of the jury box in numerical order with juror 9 in the far left seat, and juror 16 in the far right seat.

Jurors 17 through 24 please enter the Court well and arrange yourselves in numerical order from 17 to 24.   Please be seated in the third row of seats nearest the jury box in numerical order with juror 17 in the far left seat, and juror 24 in the far right seat.

Jurors 24 through 31 please enter the Court well and arrange yourselves in numerical order from 24 to 31.   Please be seated in the fourth row of seats in numerical order with juror 24 in the far left seat, and juror 31 in the far right seat.

**<u>Duty of Candor</u>**

Ladies and gentlemen, you will now be asked a number of questions about yourselves.   These questions are not designed to pry unnecessarily into your personal lives or affairs and I hope that they do not do that.   It is necessary for me to ask you some questions to find out if you have any knowledge about this case; if you have any preconceived opinions which you might find difficult to lay aside; if you have had any personal or family experiences which might cause you to identify yourself with any of the parties.   In other words, we need to ask these questions to do all we can to assure each party that the jurors who will be selected to decide the case are able to be fair and impartial.

Please do not withhold information in order to be seated on this jury.   Don't be concerned with whether your answers are "right" or "wrong"; this is not any sort of test. Just be straightforward in your answers rather than answering in the way you feel the lawyers or I expect you to answer.

If your answer to a question asked of the whole panel is "No", you need not do anything.   If your answer to a question is "yes," please raise your hand.   I will call on you and ask additional questions.   If you have a "yes" answer and, for whatever reason, you prefer not to answer the question in open court, please raise your hand anyway and when I call on you, state that you prefer to answer the question in private.   That can be done.   At the appropriate time, I will ask you to come up to the bench, and you, counsel, and I will discuss the matter.

[Addressing jurors not called into the Court well.]   If you have not been called into the Court well, you do not have to raise your hand.   However, you still must pay close attention to the questions as there is a very good chance that many of the 31 jurors that were initially called will be excused, and you will be called to take their place.   Once you take their place, my first question to you will be whether you would have answered yes to any of the questions asked thus far.   As such, all of you will notice that pens and note pads have been made available in the courtroom if that will be helpful in keeping tracking of any "yes" answers to the questions.

## Introduction of the Court Staff, Attorneys, Parties, and Witnesses

Before we go any further, I would like to introduce the courtroom personnel.   The Courtroom Deputy is _____.   Among other things, the Courtroom Deputy keeps the official record of the proceedings, handles all the exhibits and swears the witnesses and jurors.

Our Court Reporter is _____.   The Court Reporter takes down everything said in court so that we can have a word-for-word report.

Our interpreters, who are seated to my right, provide translation services-typically from Spanish to English and vice versa.

Our bailiff who will be helping with the jury selection process today is _____.

Now let me introduce the lawyers and their clients.

4

1.      The      Government      is      represented      by      an

Assistant United States Attorney ("AUSA") who is a lawyer who works for the U.S.

Attorneys Office for the District of Arizona.  [Ask the AUSA to stand, and introduce

himself or herself and any other counsel associated with the trial (usually there is only one

AUSA at the trial), as well as the person seated at counsel's table (typically, there is a case

agent sitting at the table such as an agent from Border Patrol or ICE).   In addition, ask

counsel to tell the jurors the names of any witnesses the Government may call during the

trial.]   On a social or professional basis, do any of you know: counsel for the Government;

any of the witnesses or individuals referenced by the Government; or anyone associated

with the offices or agencies of these individuals?

[If NO hand is raised] Apparently, none of you think you know any of the

individuals associated with this case for the Government.

[If a hand is raised] Yes, juror number _____, which individual do you think you

know?  How well do you know him/her?  Would that affect your ability to be fair and

impartial?

2.   [Ask Defense counsel to stand, and introduce himself or herself and any other

counsel associated with the trial (usually there is only one defense counsel at trial), and ask

counsel to state the name of the firm or governmental body (i.e., the Federal Public

Defender) he or she is associated with.  Ask Defense counsel to have his client (the

Defendant) stand and have counsel introduce Defendant as well.   In addition, ask counsel

to tell the jurors the names of any witnesses the defense may call during the trial.]   On a social or professional basis, do any of you know: counsel for the Defendant; any of the witnesses or individuals referenced by the Defendant; or anyone associated with the offices or agencies of these individuals?

[If NO hand is raised] Apparently, none of you think you know any of the individuals associated with this case for the Defendant.

[If a hand is raised] Yes, juror number _____, which individual do you think you know?  How well do you know him/her?  Would that affect your ability to be fair and impartial?

## Description of Case

The case being tried today is a criminal case.  The defendant is charged with _____.   The indictment in this case alleges the following: quote indictment)

The Defendant has pleaded not guilty.

## Knowledge of the Case and/or Similar Cases

Have any of you ever seen, heard, or read anything about this case, or have any of you ever heard anyone express an opinion about it?

[If yes, ask the juror and counsel to approach the bench.  Ask the juror: What have you heard or read?  From what source did you learn about this matter?  Do you think that might have some bearing on your judgment if you were chosen as a juror in

this case?   Could you be fair and impartial?   If applicable, ask counsel whether the juror should be excused for cause, excuse the juror and have him/her report back to the Jury Commissioner, and have the Courtroom Deputy call a replacement juror.]

Have you, any close family members, or close friends, ever been involved in a case like this?

Is there anything about the nature of this case that would make it difficult for you to serve as a fair and impartial juror?

## **Schedules**

I know that jury service is an inconvenience to all of you to one extent or another. But, I hope you know how important it is to this community that people such as yourselves be willing to serve on juries.   Jury duty is one of the most important civic duties that citizens of this country are called upon to perform. I know that you will not take this duty lightly.

Let me tell you about the schedule for the trial.   This case is expected to take a total of _____ days (which includes today).   Trial will start today immediately after jury selection and will end around 5:00 p.m.   Trial will start each subsequent day at 9:30 a.m. and end by 5:00 p.m.   Once trial has started, we will have a lunch break, a short break in the mid-morning and mid-afternoon, and stretch breaks.

Is there anything about the anticipated length or daily schedule of the trial that presents an insurmountable problem, whether it be personal, business, or health, that is

significant enough that you feel the need to ask to be excused from service on this jury?

**Exposure to Legal Training**

Have any of you, any close family members, or close friends, ever served as a law enforcement officer?

Have you, or any close family members, ever studied or practiced law?

**Duty to Follow the Law**

After the jury has been empaneled, you will receive some preliminary instructions on the law.   At the conclusion of the trial, I will fully instruct you on the applicable law. As a juror, you are obligated to follow the law given to the jury by the Court.   Is there anyone who would be unwilling or unable to follow the law as given in the instructions, disregarding your own notions or ideas as to what the law is or ought to be?

**Evaluation of witnesses**

One important task of the jury is to listen to the testimony of the various witnesses and decide how much or how little weight the testimony should be given.   You will be instructed that in evaluating credibility you may consider factors such as the witnesses' ability to see or hear the things testified to, the witnesses' bias or prejudice, and the witnesses' demeanor while testifying.

Is there anyone who could not judge the testimony of all the witnesses by the same standards?   For example, is there anyone who believes that the testimony of law enforcement officers should be treated or evaluated in a different way than the testimony of

other witnesses who have sworn to tell the truth?   Stated differently, is there anyone who would give more or less weight to the testimony of a law enforcement officer (as compared to the testimony of any other witness) simply because that individual is a law enforcement officer?

## Principles of Law Applicable to a Criminal Trial

The law requires the Government to prove the defendant guilty beyond a reasonable doubt.   The defendant is presumed by law to be innocent which means the defendant is not required to prove innocence or produce any evidence.

The defendant in a criminal case has a right not to testify at trial.   The exercise of that right cannot be considered by the jury in determining guilt or innocence.

Would anyone be unable or unwilling to follow these principles of law?

## Familiarity with Other Panel Members

Do any of you know any other members of this jury panel?   If yes, how do you know each other?

Would it pose a problem for you should both you and juror number _____ serve as jurors in this case?

Would you be able to exercise independent judgment in deciding this matter?

[If both jurors are employed by the same business, ask: Is there a supervisory relationship between the two of you?   If so, would this pose any problems exercising independent judgment in this case?]

**<u>Criminal Convictions</u>**

Have you, a close family member, or close friend, ever been convicted of any crime other than a minor traffic offense? For purposes of this case, drunk driving or any form of driving under the influence ("DUI") is not a minor traffic offense.

**<u>Voir Dire Questions the Parties Stipulated for the Court to Ask at the Pretrial Conference</u>**

Government's Voir Dire Questions #15 and #16 (Doc. 90):

15. The Defendant in this case is charged with harboring a person, his brother in law, who was illegally in the country. Is there anyone on the panel who thinks this should not be a crime?

16.   Does anyone on the panel believe violations of immigration laws should not be prosecuted criminally?

Defendant's Voir Dire Questions #3 and #5 (Doc. 98):

3. Does anyone feel strongly about the United States' immigration policies? Explain.

5. Has anyone been a member of an organization involved in advocating immigration issues or penalties? Explain.

**<u>Miscellaneous</u>**

Do you have any social, religious, or political beliefs that would prevent you from convicting the defendant even if the Government proves its case beyond a reasonable

doubt?   In other words, even if the Government were to meet its burden of proof, is there anyone who would not convict based on a social, religious, political or private belief?

By the same token, does anyone on the panel have such a belief that would prevent him or her from acquitting the defendant even if the Government does not prove its case beyond a reasonable doubt?

## Questionnaire

Each of you has been given a list of questions that I would like each of you to answer at this time.   Juror Number ____ [start with whoever is in seat number 1], would you please stand and answer those questions.   After you are done, please pass the microphone to the juror to your left who can then proceed to answer the same questions.

[The Courtroom Deputy will have already given the prospective jurors the standard questionnaire which asks the following questions:   1. What is your juror number?; 2. Where is your place of birth?; 3. How long have you lived in Arizona?; 4. In what city do you presently live? What area?; 5. What is your educational background?; 6.   Are you presently employed? If so, where?; 7. Briefly, what former jobs have you held?; 8. What is your marital status?; 9. If married, what is your spouse's present and former employment?; 10. How many children do you have?; 11. What clubs or organizations do you belong to?; 12. Have you ever sat as a juror?   If so, please state the nature of the case and the verdict?]

## General Inquiry

Ladies and gentlemen, I have asked all the questions I had planned to ask.

Sometimes I find that we get to the end of the questioning and jurors have thought about additional answers they might have to questions that were asked earlier.   Then they wonder if they should give the answers or not.   Please do give the answers.

If you have anything in mind now that you are wondering if you should tell me about, or you wish you had said something about earlier, please tell me now.

Let me ask a last, very broad question: Is there anything you think the attorneys or I should know before selecting the jurors who will serve in this case?

## Additional Questions from Counsel

Will counsel please approach the bench.   [At the bench conference, determine what additional questions (if any) are to be asked.   Ask any additional questions agreed upon by the Court and counsel, or permit counsel to conduct further voir dire.   After additional questions (if any) have been asked, inquire again at a bench conference whether the panel can be passed for cause by counsel.   If counsel agree that the panel can be passed for cause, direct counsel to return to their seats, and ask them to state their positions before the panel.]

## Counsel's Approval of Panel

Do both sides pass the panel for cause?

## Exercise of Peremptory Strikes

Ladies and gentlemen, we will now take a short recess to complete the process of jury selection.   Each of you has been found to be fair and impartial, so don't take it

personally if you are not chosen to serve as a juror in this case.   Only **13** of you can be on this jury.

During the recess, I'll ask that you wait outside the courtroom.   When you are called back into court, please sit anywhere in the back of the courtroom; do not sit in the Court well.   During the recess, do not discuss the case or anything connected with it among yourselves or with anyone else.   We estimate that the recess will be about 20 to 30 minutes, so be ready to come back into court in 20 minutes.   Thank you.

[After the jury is excused, ask counsel if they have any matters to discuss.   If there are no additional issues, direct them to make their alternating peremptory strikes after leaving the courtroom, and to inform the Courtroom Deputy when they are done with their peremptory strikes such that the Courtroom Deputy will have the final 13 jurors.   After the Courtroom Deputy has the final 13 jurors, and the entire jury panel is summoned back into the courtroom, the Courtroom Deputy will call to come back into court to complete jury selection.]

## Impanelment of the Jury

The record will show the presence of the defendant, counsel, and the prospective jurors.   Ladies and gentlemen, the Courtroom Deputy will now read the numbers of the jurors selected to try this case.   As your number is read, please come forward and be seated in the jury box as directed by the Courtroom Deputy.

## Panel Members that are Not Selected

Those of you who were not selected as jurors please report back to the Jury Commissioner on the First Floor.   Thank you for your willingness to serve on this jury and for your participation here today.

**Administering of Oath to the Jury**

Would those of you who have been chosen as jurors please stand and be sworn.

(**The Courtroom Deputy should be prompted to administer the oath**)

**After the Oath, Read the Preliminary Instructions, and then Direct the Parties to give their Opening Statements**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States America, | CR-13-0714-TUC-JAS (JR) |
|---|---|
| Plaintiff, | |
| vs. | PRELIMINARY JURY INSTRUCTIONS |
| Jose Carlos Durazo, | |
| Defendant. | |

1    You now are the jury in this case, and I want to take a few minutes to tell you
2    something about your duties as jurors and to give you some preliminary instructions. At
3    the end of the trial I will give you more detailed written instructions that will control your
4    deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the
5    evidence received in the case and, in that process, to decide the facts. To the facts as you
6    find them, you will apply the law as I give it to you, whether you agree with the law or
7    not. You must decide the case solely on the evidence and the law before you and must not
8    be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please
9    do not take anything I may say or do during the trial as indicating what I think of the
10   evidence or what your verdict should be—that is entirely up to you.

This is a criminal case brought by the United States government. The government charges the defendant with Harboring an Illegal Alien. The charge against the defendant is contained in the indictment. The indictment simply describes the charge the government brings against the defendant. The indictment is not evidence and does not prove anything. The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits which are received in evidence and

      (3) any facts to which the parties agree.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

1

2          Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

3   such as testimony by a witness about what that witness personally saw or heard or did.

4   Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from

5   which one can find another fact.

6          You are to consider both direct and circumstantial evidence. Either can be used

7   to prove any fact.  The law makes no distinction between the weight to be given to

8   either direct or circumstantial evidence. It is for you to decide how much weight to give

9   to any evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

This is a criminal case brought by the United States government. The government charges the defendant with Harboring an Illegal Alien. The charge against the defendant is contained in the indictment. The indictment simply describes the charge the government brings against the defendant. The indictment is not evidence and does not prove anything. The defendant has pleaded not guilty to the charge and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case:

First, Jasiel Antonio Moreno Cuevas was an alien;

Second, Jasiel Antonio Moreno Cuevas was not lawfully in the United States;

Third, the defendant knew or acted in reckless disregard of the fact that Jasiel Antonio Moreno Cuevas was not lawfully in the United States; and

Fourth, the defendant harbored, concealed, or shielded from detection Jasiel Antonio Moreno Cuevas for the purpose of avoiding his detection by immigration authorities.

Fifth, the defendant did something that was a substantial step toward committing the crime. Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

An alien is a person who is not a natural born or naturalized citizen of the United States.  An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

As used in these instructions, reckless disregard means being aware of facts which, if considered and weighed in a reasonable manner, indicate a substantial and unjustifiable risk that the alleged alien was in fact an alien and was in the United States unlawfully.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1        I will now say a few words about your conduct as jurors.

2        First, keep an open mind throughout the trial, and do not decide what the verdict

3    should be until you and your fellow jurors have completed your deliberations at the end

4    of the case.

5        Second, because you must decide this case based only on the evidence received

6    in the case and on my instructions as to the law that applies, you must not be exposed to

7    any other information about the case or to the issues it involves during the course of

8    your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

9        Do not communicate with anyone in any way and do not let anyone else

10   communicate with you in any way about the merits of the case or anything to do with it.

11   This includes discussing the case in person, in writing, by phone or electronic means,

12   via email, text messaging, or any Internet chat room, blog, website or other feature.

13   This applies to communicating with your fellow jurors until I give you the case for

14   deliberation, and it applies to communicating with everyone else including your family

15   members, your employer, the media or press, and the people involved in the trial,

16   although you may notify your family and your employer that you have been seated as a

17   juror in the case. But, if you are asked or approached in any way about your jury service

18   or anything about this case, you must respond that you have been ordered not to discuss

19   the matter and to report the contact to the court.

20       Because you will receive all the evidence and legal instruction you properly may

21   consider to return a verdict:  do not read, watch, or listen to any news or media accounts

22   or commentary about the case or anything to do with it; do not do any research, such as

23   consulting dictionaries, searching the Internet or using other reference materials; and do

24   not make any investigation or in any other way try to learn about the case on your own.

25       The law requires these restrictions to ensure the parties have a fair trial based on

26   the same evidence that each party has had an opportunity to address.  A juror who

27   violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial

28   could result that would require the entire trial process to start over.  If any juror is

     exposed to any outside information, please notify the court immediately.

1        At the end of the trial you will have to make your decision based on what you
2  recall of the evidence. You will not have a written transcript of the trial.  I urge you to pay
3  close attention to the testimony as it is given.

1

2          If you wish, you may take notes to help you remember the evidence.  If you do take

3    notes, please keep them to yourself until you and your fellow jurors go to the jury room

4    to decide the case.  Do not let note-taking distract you from being attentive. When you

5    leave court for recesses, your notes should be left in the envelope in the jury room.

6    No one will read your notes.

7          Whether or not you take notes, you should rely on your own memory of the

8    evidence. Notes are only to assist your memory. You should not be overly influenced by

9    your notes or those of your fellow jurors.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you  propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

1    A language other than English will be used for some evidence during this trial.
2    When recorded evidence is presented in another language, there will be an official court
3    translation of the recording.

4    The evidence you are to consider and on which you must base your decision is
5    only the English-language translation provided through the official court translators.
6    Although some of you may know the non-English language used, you must disregard
7    any meaning of the non-English words that differs from the official translation.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    The next phase of the trial will now begin.  First, each side may make an opening
2  statement.  An opening statement is not evidence.  It is simply an outline to help you
3  understand what that party expects the evidence will show.  A party is not required to
4  make an opening statement.

5    The government will then present evidence and counsel for the defendant may
6  cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the
7  government may cross-examine.

8    After the evidence has been presented, the attorneys will make closing arguments
9  and I will instruct you on the law that applies to the case.  After that, you will go to the
10  jury room to deliberate on your verdict.